Mr. Sharif is entitled to immigration proceedings that are free of constitutional and legal error. This court accordingly has jurisdiction to review the constitutional claims and questions of law that are raised in his petition. The government's choice not to engage with the substance of those claims and to instead repeat the same argument on its motion to dismiss that this court lacks jurisdiction to review the appeal is telling on the merits and incorrect on the jurisdiction. Well, it's fair to say a good part of the opening brief is subject to the criminal alien Barr, don't you think? That's fair, Your Honor. We will concede that in the opening brief before the government raised the criminal alien Barr that some of the claims in the petition are outside of this court's jurisdiction. But since the court, but since the government raised that criminal alien Barr, as is apparent in Mr. Sharif's opposition brief and in the reply brief on the merits, the government has only made the jurisdictional argument and we've pointed out the parts of the petition that do raise colorable constitutional claims and questions of law. Well, the due process claim was just raised in the reply brief, right? No, Your Honor. That was raised on the face of the petition. And the reply brief does say — Was it in the opening brief? Yes, Your Honor. And this Court's review of whether there is a colorable constitutional claim raised does look at the face of the petition. It doesn't necessarily look at the labels that the petition uses. Well, now, wait a minute. You can forfeit a claim raised in a petition by not briefing it. Or by not including it in the appeal to the BIA. That's right, Your Honor. So just because it's in the petition doesn't get you anywhere. It has to be in the opening brief as well, right? The petition is the opening brief, Your Honor. The petition that opened — the original petition before this Court asking for this Court's judicial review of the Board of Immigration Appeals order. So enumerate the constitutional and legal issues you think are preserved. So, Your Honor, the face of the petition makes a couple arguments. Just itemize them. Okay. Make an outline. Is there anything besides due process? Yes, Your Honor. The petition also — Okay. Because you just said, well, some of our issues are barred. I want to know what isn't in your view. That's right, Your Honor. The petition raises constitutional due process claims as well as legal arguments that the Board applied the incorrect legal standard. Due process is a big field. It's as big as that storm is coming. What are the due process issues? Your Honor, I'll begin with the fact that the Board relied upon a country report that did not exist at the time of Mr. Sharif's removal proceedings below. And so Mr. Sharif never had an opportunity to respond to that country report, and he never had an opportunity — Wait, wait, wait. What about — what about motions to reconsider? Isn't that within the immigration procedures? That is within the immigration — All right. So we haven't touched due process yet. Well, in addition to due process concerns that this Court has never allowed the Board to look at the first instance at a country report that the immigrant didn't have notice of in prior proceedings or that didn't exist at the time of the removal proceedings, that also violates the Board's own precedent in NRAY-SYG, which requires the evidence for the Board's considerations who have existed at the time of the culmination of the removal proceedings. And in April 2008, that country report did not exist. No, wait. You know, inconsistency or contradictions in BIA opinions we encounter all the time. I've never heard of a federal appellate court say it raises a due process issue. When it rises — So give me an authority for that. Well, Your Honor, when it rises to the level of not giving the immigrant a meaningful opportunity to make an argument and present evidence — All right. Wait a minute. That's what petitions for reconsideration are all about. If reconsideration was not requested, then this no opportunity to respond isn't constitutional and or was forfeited. I mean, that's just kind of basic administrative civil procedure one. Well, in addition to that, Your Honor, I think that the Board's opinion on its face shows that in addition to improperly considering that country report, it also entirely failed to consider arguments that the petitioner or that the movement, Mr. Sharif, made. And that is a due process violation that this Court recognizes. Well, is there a difference between not giving it the weight that the petitioner would prefer and not considering it at all? It seems that there was consideration. They just didn't weight it very much. Your Honor, there is an important distinction between the weight that the Board gives to an argument and ignoring the argument completely. Our position in the petition is that the Board ignored some arguments completely. And we know that on the face of the Board's opinion and the fact that various large portions of Mr. Sharif's evidence and arguments were never mentioned by the Board. And not only that, but the Board could not have reached some of the conclusions it reached had it actually considered the arguments that Mr. Sharif was making. For example, Mr. Sharif presented evidence to the Board that from approximately 2005 until 2013, the United States was not acting on valid deportation orders to Somalia. And so there were not recent deportees from the United States to Somalia during the time period when Mr. Sharif's removal proceedings were occurring. Despite the fact that that evidence was before the Board, the Board faulted Mr. Sharif for failing to present evidence of how an American deportee would have been treated in 2008 in Somalia. That evidence could not have existed because deportations were not occurring. And the Board had that evidence before it. That's the kind of inference- So everybody gets a free pass for that reason? No, Your Honor- What would distinguish Mr. Sharif from all the other Somalia deportees from 2005 to 2013? Or to, you know, that's over. You know, it just doesn't- That plus how many cases of administrative agency review do we have where we reiterate that the agency doesn't have to cover everything in its opinions? Well, Your Honor is correct that the Board is entitled to a presumption of regularity. But this Court has held that the Board still has to express its reason and consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely- That is not a constitutional proposition. That's right, Your Honor. That's an APA proposition. That's right, Your Honor. That goes to whether we can- When this Court reviews whether the Board properly applied the correct legal standards, which is a reviewable question before this Court in addition to constitutional questions. And so here we have evidence that the Board did not consider the arguments that Mr. Sharif raised specifically with respect to the fact that he could not have presented the kind of evidence that the Board faulted him for lacking. And that shows that the Board committed a legal error. Because the very standard that the Board had to- that Mr. Sharif had to support his motion to reopening with was the fact that new evidence has emerged that wasn't available at the time of his removal proceedings. The Board flipped that analysis and instead used that as a reason to bar Mr. Sharif from his reopening relief that he sought. That's a legal error. And that's the kind of question that this Court can review and has jurisdiction to review. This Court has held that when a Board of Immigration Appeals does not do the proper changed country circumstances analysis and makes a mistake like the one the Board made below, that this Court can review and remand back to the Board for proper consideration. What case were you talking about? Are you talking about a case that involved the criminal alien bar? Yes, Your Honor. So in some- that case, I believe, was the- so this Court's case did not specifically involve the criminal alien bar. And that was the Hobbs v. Philip case in 2009, where the Court held that the Board's failure to consider the entire petition was a legal error. It didn't involve the criminal alien bar, but it still discussed a legal error. And that's the kind of question that this Court can review. Similarly, other circuits have held, in criminal alien bar cases, that the application of changed circumstances standard by the Board is reviewable, even when the petitioner has qualifying convictions that would fall subject to the statutory criminal alien bar. An example of those cases include Mandeville v. Holder in the Sixth Circuit in 2014, and Joseph v. Holder in the Seventh Circuit in 2009. Both of those courts looked to the way the Board applied the changed circumstance standard. In the Sixth Circuit case, the Board had said that changed circumstances must require more than an incremental change. Sixth Circuit held that's not supported by the plain language of the changed circumstance standard, and that was a legal error. In the Seventh Circuit- But of course, Hanen is controlling authority in this Court. Sounds like those decisions are inconsistent with Hanen. No, Your Honor. I think that case as well would illustrate the fact that this Court still has the ability to review constitutional and legal questions, and whether or not the legal analysis conducted by the Board actually comports with the analysis that should have been conducted. As this Court held in Waldron v. Holder in 2012, naming the correct legal standard is not enough. This Court actually looks to the kind of analysis that the Board undertook to see if it comports with the legal standard that's required in the Immigration Court and the Board of Immigration Appeals. Waldron's been pretty thoroughly distinguished recently by this Court, to the point where I'm not sure what's left of its legal issue. That may be true, Your Honor, but I- Since it misinterpreted the historical of the clear error review reg. I think that's right on the merits of the substantive issue that that case was grappling with, but the fact that the Court, in reaching that, still looks to the actual- But we looked at the fact that the BIA appeared to ignore a reg, governing reg of the Attorney General. You don't have that here, do you? I don't think so. That's a different- That's a far more arguable or obvious legal error than simply saying, oh, well, you applied your standard wrong, and therefore you made a- Of course, abuse of discretion is a legal error to most law students and law professors. That's right, Your Honor. I think abuse of discretion is a wide umbrella that would include reviewable claims and some non-reviewable claims like sufficiency of the evidence that would be outside the scope. But here, there is evidence that the Board demanded a more stringent standard than is provided for in the statutes or the regulations. We see this from the face of the Board's opinion. When it faults Mr. Sharif for not having identified any individual piece of evidence which specifically and unambiguously compares conditions at the time of his ultimate hearing, more than a decade ago, in the present time, that stringent standard for which the Board faulted Mr. Sharif finds no basis in the plain language of the regulations or the statute. And this is the kind of change-country-circumstance error that this Court in Habchi finds is reversible and should be remanded to the Board for further proceedings under the proper analysis. If there are no more questions, I'll reserve the remainder of my time for rebuttal. Thank you, Mr. Lanyon. Mr. Youssef? Mr. Youssef? Good morning, Your Honors. Yanal Youssef for the government. The Court should dismiss the petition for review. Because this petition is covered under the criminal alien bar, the petition was required to demonstrate constitutional claims or questions of law. The failure to do so renders a dismissal appropriate of this petition. Why aren't his due process allegations sufficient? Sorry, may you repeat that? Why aren't his allegations of deprivation of due process sufficient to state a constitutional issue? Well, I believe, Your Honor, the agency's decision here considered the petitions, the petitioner's motion to reopen, consider the evidence he presented. But that's the merits. What case says that if there was a failure to consider, if the record shows a failure to consider in its written opinion, an argument clearly presented by the alien petitioner, that that is not, that that error cannot rise to constitutional. I believe, Your Honor, that is correct. That if the agency wholly failed to consider a claim raised by the petitioner's motion to reopen, that would raise a due process issue. I do not believe that. By what authority? I believe, Your Honor. I mean, either way. I thought you were going to say that it's not, failure to consider in the written opinion is not a due process issue. But now you're saying the opposite. It is a due process if the record shows that's what they did. Sorry, Your Honor. I thought you specifically were identifying, like, basically a claim. I wanted your authority for that can't be a constitutional issue. Well, I don't necessarily have that as an authority here. But the agency, in terms of, if you're asking me to fail to consider evidence or fail to consider a specific raised claim, I guess I'm just confused. Both. Either or both. Well, the failure to consider evidence, there's a presumption of regularity that the petitioner would have to establish that the board completely, would have to demonstrate that. OK, but if that, do we have to comb the record to see whether that was the case here? No, we don't, Your Honor. We have to look at what the agency's decision is, if it provided a decision that would be sufficient, provide for sufficient review of the agency's determination. And here we have that. Even if we comb the petition and the arguments made to the agency and see that there were two evidentiary nuances that the board didn't respond to in its petition. Yeah, I don't believe you could look at that, because I don't think that raises a... Well, he just talked about them this morning. Well, I disagree with the characterization of how the board's decision, the board did conduct a thorough analysis. The board did consider, but it also was not required... It didn't say that to us. Didn't say, we've considered the fact that no, that there were no deportees from 2005 to 2013. Well, it considered what this question, the case is about, whether there's a material change in country conditions. That's the petitioner's burden here in order to justify reopening. From 2008 versus 2019, that's the question that the agency was addressing. And it did so by reviewing the evidence he presented in his motion to reopen. But it didn't recite in its opinion all the evidence that's in the petitioner's briefs to this court. It's not required to do so, Your Honor. They're not required to do so, as this court has held many times. But what case... I know we say that, but what case establishes that that's not a legal or constitutional issue, jurisdictionally?  That's the merits. What case says we don't have to reach those merits? Well, I believe that would be... I'm not sure if there's a case on point, but under Hanan v. Mukasey, that that's... I guess there was no specific case saying that the evidence, ignoring of the evidence of failure to consider amendments would constitute a question of law or constitutional claim. Are you familiar with our numerous cases that say, you can't get around... Obtain the benefits of the REAL ID Act by wrapping a factual or discretionary argument on due process clause. Yes, Your Honor. Now, how do those relate to this question? That's what we have to do. You're not helping. I guess I'm confused with the exact question... What exactly you're asking, Your Honor. I apologize, but I'm kind of confused. What makes his argument that the total failure to consider our wonderful arguments is a legal error, either under the APA or the due process clause? That's his argument for jurisdiction. Well, I guess our focus was that the fact that the agency did consider the... Did conduct a thorough analysis and concluding that he... You can say that. I would expect you to say that. Is one line in the BIA opinion that says we've considered everything presented and here's our brief explanation of why the petition's denied. Well, as a... Does that defeat any due process argument? I mean, I believe in this case it does do that because the agency can... Because the agency, as it's court to tell, is entitled to a presumption of regularity. They're not required to lay out specifically that... The presumption of regularity would apply even if we have jurisdiction. You're trying to slam the front door. Well, that's a certain... Then we can go on to the merits, and we will if we should. Well, I don't believe we should. The question is, in terms of... Our argument was that petitioner did raise some claims that he alleged were illegal errors or due process claims. And based on our position that the agency's decision... Those aren't supported in the agency's decision that the agency did conduct a full thorough analysis in denying his motion to reopen. And the substance of that is outside the court's jurisdiction because of the fact of the criminal alien bar. And just to address what was raised during the petitioner counsel's time about the 2008 country report where the board didn't give him the opportunity... He didn't have notice of the 2008 country report that was relied on by the agency. One, the board was entitled to take administrative notice in establishing what the... Comparing the country condition report. But also, petitioner was on notice. The fact is that in their motion to reopen, in the administrative record 151, they specifically cite that document, that country condition report, in making their case of the circumstances of what the terrorist... The Islamic terrorist groups were doing in Somalia at that time. So the question, I don't think notice would be appropriate. They did, in fact, have noticed the fact that they raised it. So you think we should go to the merits on that question? That that's a legal question? That... Well, if they're saying that the agency conducted legal error by failing to comply with agency precedent in SYG, that would possibly be a legal error. However, that's not... That's just not supported by the record and how the agency handled it. Because one, they're entitled to take administrative notice. And second, the petitioner was aware of this by the fact that he had presented it to the agency in the first instance. Did he exhaust administrative remedies on that question? I don't believe... It's that request in reference to a motion to reconsider. I don't believe that it was... I don't think a motion to reconsider is required in terms of raising those sorts of challenges. But he could have presented the... He could have made that argument at the time. Well, it affects whether it's a due process issue in the Federal Court of Appeals. Whether or not he would give the agency... If there was an avenue to exhaust that wasn't exhausted, that's not a defense on the merits. But it's relevant to the jurisdiction question. It would be relevant to the jurisdiction question. I guess my focus is on the fact that the agency was entitled to do so. And the fact that he raised it to the agency, I think that would undercut any sort of argument that there was a due process issue to begin with. Oh, and I guess the petitioner raised the case Habchi in terms of where this court has found motion to reopen. The agency abuses discretion. I think that case is distinguishable. In that case, the agency wholly ignored a particular aspect of the petitioner's claim. That being, I think the initial... It wasn't a criminal alien bar case. No, it was not, Your Honor. So this issue wasn't presented. No, well, I guess I'm focusing on the motion to reopen itself. But yeah, it was not a criminal alien bar. I was just addressing the argument raised previously just to distinguish that case. But it was not. We have jurisdiction, it's well established, to review the denial of a motion to reopen for abuse of discretion. Yes. But that is affected by the criminal alien bar. Yes, Your Honor. Habchi didn't consider the impact of the criminal alien bar. No, it did not. That's distinguishable. That is distinguishable. Then you can go on and distinguish Habchi on the merits. But your core argument is not influenced by Habchi. No, it's not, Your Honor. It wasn't considered by Habchi. No, it wasn't, Your Honor. You're correct. And I think that's kind of the focus of why we moved to dismiss in the first instance. The criminal alien bar is controlling here. And the petitioner, because they completely ignored it in their opening brief, we moved to dismiss as no questions of law or constitutional claims were raised. And so the appropriate thing would have been for the court to dismiss that. And that's why we carried over our argument ultimately in our answering brief. And we do so here as well in indicating that the criminal alien bar is controlling. And because petitioner did not establish any constitutional claims or questions of law, the court should dismiss the petition for review. Well, the petitioner says that the BIA didn't give good consideration or hardly any consideration to al-Shabaab's growth and the extent of its influence upon the Somali government. How is that contradicted in the record, or is it? Well, Your Honor, that goes to the merits here. And that's just simply petitioner's disagreement with the weight of the evidence the agency gave to kind of in its consideration. This is of whether or not he established changed country conditions is a factual question. The weight given to certain evidence over other evidence, that's something that's outside the court's jurisdiction. But you're saying the record is clear that the agency actually considered that information? I mean, the agency did discuss the circumstances of al-Shabaab during that time in 2008 versus and kind of, I believe, discussed kind of the rise, fall, and rise of al-Shabaab during a period of time. So they did consider the evidence and the country conditions there. But again, that's whether petitioner's disagreement with the factual conclusions of the agency are not before this court. And based on that, the petition can be dismissed. If there are no further questions I ask of the court, then I dismiss the petition for review. Thank you for your time. I see no other questions. Mr. Alenia, your rebuttal. Thank you, Your Honor. As this court pointed out, there's a distinct analysis between the jurisdictional question and the merits question. The fact is that the government has not engaged on the level of the merits question. We think this is enough to justify remanding to the board to allow the board to, since Mr. Sharif has presented colorable claims of due process issues, failure to consider arguments, issues related to the fairness of the evidentiary decisions and the application of the changed country circumstances standard. The government doesn't grapple with these issues. And this is sufficient to make appropriate remand to the board. As for the presumption of regularity, this court has held that the board is entitled to that presumption, but that it still must make an indication that it considered evidence, that it has to consider the issues raised and show that it gave thought to all the issues. And as the Seventh Circuit analogously held in Kyorkos in 2011, the circuit court should remand when an absence of analysis leaves the court uncertain that a claim had been fully understood. The argument- That's not a circuit law. That's true, Your Honor. The Seventh Circuit has been blistering the BIA and its immigration judges for almost a decade now. And we have not echoed those criticisms. That's true, Your Honor. But this court's decisions, even in the face of the criminal alien bar, do show that it is appropriate to question whether the board properly applied the correct legal standards. A number of cases, Chericho, Munoz, Upez, Waldron, Alonzo against Lynch, these are all Eighth Circuit decisions in which this court questioned whether the board correctly did the legal analysis it was required to do. And the fact that the government hasn't been able to show this court, we know the board did the correct legal analysis because X, Y, Z. We know the board properly considered all the arguments because of these indications. The fact that the government has not done that is telling. And we believe that this case should be remanded to the board to make sure that it considers the entirety of Mr. Sharif's petition in motion as he's entitled. Thank you. Thank you, Mr. Lania. Court thanks both counsel for your presence before the court today, the argument you provided to us, the briefing that's been submitted. We'll take the case under advisement. Thank you. Madam Clerk, would you call case number two for the morning, please? Yes, Your Honor. Case of United States v. Antonio Harris.